| Fill in this information to identify the case: | |
|---|---|
| United States Bankruptcy Court for the: **District of Delaware** (State) | |
| Case number *(if known)*: _____  Chapter __11__ | ☐ Check if this is an amended filing |

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/25

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | **Debtor's Name** | Marelli Morocco LLC |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | <u>25107545</u> |
| 4. | **Debtor's address** | **Principal place of business**<br><br>**Lot No. 146, Zone Franche Tanger Automotive City**<br>Number          Street<br><br>**Commune Jouamaa Province Fahs-Anjra**<br><br>**Tangier**<br>City                    State        Zip Code<br><br>**Morocco** | **Mailing address, if different from principal place of business**<br><br>**26555 Northwestern Highway**<br>Number          Street<br><br>P.O. Box<br><br>**Southfield, Michigan 48033**<br>City                    State        Zip Code<br><br>**Location of principal assets, if different from principal place of business**<br><br>Number          Street<br><br><br>City                    State        Zip Code |
| 5. | **Debtor's website** (URL) | https://www.marelli.com |
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: _____ |

Official Form 201            Voluntary Petition for Non-Individuals Filing for Bankruptcy            page 1

Debtor  **Marelli Morocco LLC**  Case number *(if known)*
       Name

7. **Describe debtor's business**

   A. *Check One:*

   ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

   ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

   ☐ Railroad (as defined in 11 U.S.C. § 101(44))

   ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

   ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

   ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

   ☒ None of the above

   B. *Check all that apply:*

   ☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

   ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

   ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

   C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
   **3363 (Other Motor Vehicle Parts Manufacturing)**

8. **Under which chapter of the Bankruptcy Code is the debtor filing?**

   *Check One:*

   ☐ Chapter 7

   ☐ Chapter 9

   ☒ Chapter 11.  *Check **all** that apply:*

   ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).

   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

   ☐ A plan is being filed with this petition.

   ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

   ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934.  File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

   ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

   ☐ Chapter 12

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

   ☒ No
   ☐ Yes.

   If more than 2 cases, attach a separate list.

   | District | When MM/DD/YYYY | Case number |
   |---|---|---|
   | District | When MM/DD/YYYY | Case number |

Debtor **Marelli Morocco LLC**  
Name

Case number *(if known)* _____

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No  
☒ Yes.

| | |
|---|---|
| Debtor | **See Rider 1** |
| District | **District of Delaware** |
| Case number, if known | _____ |

Relationship **Affiliate**

When **06/11/2025**  
MM / DD / YYYY

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No  
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____  
Number      Street

_____  
City                          State    Zip Code

**Is the property insured?**

☐ No  
☐ Yes.   Insurance agency _____  
          Contact name _____  
          Phone _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.  
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

**(on a consolidated basis)**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☒ More than 100,000 |
| ☐ 200-999 | | |

Debtor **Marelli Morocco LLC**    Case number *(if known)* _____
     Name

**15. Estimated assets**

(on a consolidated basis)

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☒ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

**16. Estimated liabilities**

(on a consolidated basis)

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☒ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  **06/11/2025**
           MM/ DD / YYYY

✗ **/s/ Marisa Iasenza**          **Marisa Iasenza**
Signature of authorized representative of debtor     Printed name

Title   **Authorized Signatory**

**18. Signature of attorney**

✗ **/s/ Laura Davis Jones**       Date  **06/11/2025**
Signature of attorney for debtor              MM/DD/YYYY

**Laura Davis Jones**
Printed name

**Pachulski Stang Ziehl & Jones LLP**
Firm name

**919 North Market Street, 17th Floor, P.O. Box 8705**
Number         Street

**Wilmington**             **Delaware**   **19801**
City                State      ZIP Code

**(302) 652-4100**           **ljones@pszjlaw.com**
Contact phone            Email address

**2436**               **Delaware**
Bar number             State

Official Form 201   Voluntary Petition for Non-Individuals Filing for Bankruptcy   page 4

| Fill in this information to identify the case: |
|---|
| United States Bankruptcy Court for the: |
| **District of Delaware** |
| (State) |
| Case number *(if known)*: _____    Chapter **11** |

☐ Check if this is an amended filing

### Rider 1
### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the District of Delaware for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Marelli Automotive Lighting USA LLC.

- Marelli Automotive Lighting USA LLC
- Automotive Lighting UK Limited
- Calsonic Kansei (Shanghai) Corporation
- CK Trading De México, S. De R.L. De C.V.
- Magneti Marelli Argentina S.A.
- Magneti Marelli Conjuntos de Escape S.A.
- Magneti Marelli do Brasil Indústria e Comércio S.A
- Magneti Marelli Repuestos S.A.
- Marelli (China) Co., Ltd
- Marelli (China) Holding Company
- Marelli (Guangzhou) Corporation
- Marelli (Thailand) Co., Ltd
- Marelli (Xiang Yang) Corporation
- Marelli Aftermarket Germany GmbH
- Marelli Aftermarket Italy S.p.A.
- Marelli Aftermarket Poland Sp. z o.o.
- Marelli Aftermarket Spain S.L.
- Marelli Aftersales Co., Ltd.
- Marelli Argentan France
- Marelli Automotive Chassis System (Guangzhou) Co., Ltd.
- Marelli Automotive Components (Guangzhou) Corporation
- Marelli Automotive Components (Wuhu) Co., Ltd.
- Marelli Automotive Components (Wuxi) Corporation
- Marelli Automotive Electronics (Guangzhou) Co., Ltd.
- Marelli Automotive Lighting (Foshan) Co., Ltd.
- Marelli Automotive Lighting France
- Marelli Automotive Lighting Italy S.p.A.
- Marelli Automotive Lighting Jihlava (Czech Republic) s.r.o.
- Marelli Automotive Lighting Juárez Mexico, S.A de C.V.
- Marelli Automotive Lighting Tepotzotlán México S. de R.L. de C.V.
- Marelli Automotive Systems Europe PLC
- Marelli Automotive Systems UK Limited
- Marelli Bielsko-Biała Poland Sp. z o.o.
- Marelli Business Service (Dalian) Co., Ltd.
- Marelli Business Service Corp.
- Marelli Cabin Comfort Mexicana, S.A. de C.V.
- Marelli Cabin Comfort Trading de México, S. de R.L. de C.V.
- Marelli Cluj Romania S.R.L.
- Marelli Cofap do Brasil Ltda
- Marelli Corporation
- Marelli do Brasil Indústria e Comércio Ltda.
- Marelli eAxle Torino S.R.L.
- Marelli Engineering (Shanghai) Co., Ltd.
- Marelli EPT Strasbourg (France)
- Marelli España S.A.
- Marelli Europe S.p.A.
- Marelli France
- Marelli Fukushima Corporation
- Marelli Germany GmbH
- Marelli Global Business Services America, S. de R.L. de C.V.
- Marelli Global Business Services Europe s.r.o.
- Marelli Holding USA LLC
- Marelli Holdings Co., Ltd.
- Marelli Indústria e Comércio de Componentes Automotivos Brasil Ltda.
- Marelli International Trading (Shanghai) Co., Ltd
- Marelli Iwashiro Corp.
- Marelli Kechnec Slovakia s.r.o.
- Marelli Kyushu Corporation
- Marelli Mako Turkey Elektrik Sanayi Ve Ticaret Anonim Sirketi
- Marelli Mexicana, S.A. de C.V.
- Marelli Morocco LLC
- Marelli North America, Inc.
- MARELLI NORTH CAROLINA USA LLC
- Marelli Ploiesti Romania S.R.L.
- Marelli Powertrain (Hefei) Co., Ltd.
- Marelli R&D Co., Ltd.
- Marelli Ride Dynamics México S. de R.L. de C.V.
- Marelli Sistemas Automotivos Indústria e Comércio Brasil Ltda
- Marelli Smart Me Up
- Marelli Sophia Antipolis France
- Marelli Sosnowiec Poland Sp. z. o.o.
- Marelli Suspension Systems Italy S.P.A.
- Marelli Tennessee USA LLC
- Marelli Toluca México S. de R.L. de C.V.
- Marelli Tooling (Guangzhou) Corporation
- Marelli Yokohama Co., Ltd.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| MARELLI MOROCCO LLC, | ) Case No. 25-_____(___) |
| Debtor. | ) |

**LIST OF EQUITY SECURITY HOLDERS[1]**

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| Marelli Europe S.p.A. | 26555 Northwestern Highway Southfield, Michigan 48033 | 99% |
| Marelli Suspension Systems Italy S.P.A. | | 1% |

---

[1] This list serves as the disclosure required to be made by the debtor pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure. All equity positions listed indicate the record holder of such equity as of the date of commencement of the chapter 11 case.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>MARELLI MOROCCO LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 25-_____(___) |

**CORPORATE OWNERSHIP STATEMENT**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Marelli Europe S.p.A. | 99% |
| Marelli Suspension Systems Italy S.P.A. | 1% |

Debtor   MARELLI AUTOMOTIVE LIGHTING USA, LLC et al._____   Case number (if known)_____

Fill in this information to identify the case:
Debtor name: Marelli Automotive Lighting USA, LLC, et al.
United States Bankruptcy Court for the: District of Delaware
Case number (If known):

☐ Check if this is an amended filing

Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders
12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | STELLANTIS<br>TAURUSAVENUE 1<br>HOOFDDORP, 2312 NETHERLANDS | ATTN: DOUG OSTERMANN<br>TITLE: CHIEF FINANCIAL OFFICER<br>PHONE: +1 (217) 330-7428<br>EMAIL: DOUG.OSTERMANN@STELLANTIS.COM | TRADE PAYABLE / CUSTOMER ADVANCE | | | | $ 453,958,618 |
| 2 | NISSAN<br>1-1, TAKASHIMA 1-CHOME<br>YOKOHAMA, 220-8686 JAPAN | ATTN: MITSURO ANTOKU<br>TITLE: CHIEF QUALITY OFFICER<br>PHONE: +1 (800) 647-7261<br>EMAIL: MITSURO.ANTOKU@NISSAN.CO.JP | TRADE PAYABLE / CUSTOMER ADVANCE | | | | $ 313,145,938 |
| 3 | BOSCH GROUP<br>ROBERT-BOSCH-PLATZ 1<br>GERLINGEN-SCHILLERHÖHE, 70839 GERMANY | ATTN: DR. MARKUS FORSCHNER<br>TITLE: CHIEF FINANCIAL OFFICER<br>PHONE: +1 (917) 421-7209<br>EMAIL: MARKUS.FORSCHNER@DE.BOSCH.COM | TRADE PAYABLE | | | | $ 45,088,793 |
| 4 | MAZDA<br>3-1 SHINCHI, FUCHU-CHO<br>HIROSHIMA, 730-8670 JAPAN | ATTN: JEFF GUYTON<br>TITLE: CHIEF FINANCIAL OFFICER<br>PHONE: +1 (800) 222-5500<br>EMAIL: JEFF.GUYTON@MAZDA.COM | TRADE PAYABLE / CUSTOMER ADVANCE | | | | $ 30,091,528 |
| 5 | GRANGES<br>BOX 5505<br>STOCKHOLM, 114 85 SWEDEN | ATTN: JOHAN MENCKEL<br>TITLE: CHIEF EXECUTIVE OFFICER<br>PHONE: +46 (8) 459-5900<br>EMAIL: JOHAN.MENCKEL@GRANGES.COM | TRADE PAYABLE | | | | $ 26,141,936 |
| 6 | TESLA<br>1 TESLA ROAD<br>AUSTIN, TX 78725 UNITED STATES | ATTN: VAIBHAV TANEJA<br>TITLE: CHIEF FINANCIAL OFFICER<br>PHONE: +1 (888) 518-3752<br>EMAIL: VTANEJA@TESLA.COM | TRADE PAYABLE / CUSTOMER ADVANCE | | | | $ 22,215,569 |
| 7 | TEKSID<br>VIA UMBERTO II, 5<br>CARMAGNOLA, 10022 ITALY | ATTN: VIRGILIO CERUTTI<br>TITLE: CHIEF EXECUTIVE OFFICER<br>PHONE: +48 (33) 853-8200<br>EMAIL: VIRGILIO.CERUTTI@STELLANTIS.COM | TRADE PAYABLE | | | | $ 21,520,637 |
| 8 | NISSIN KOGYO CO., LTD.<br>172 KAMISOYAGI<br>YAMATO-CITY, KANAGAWA 242-0029 JAPAN | ATTN: YUICHIRO ASANO<br>TITLE: CHIEF EXECUTIVE OFFICER<br>PHONE: +46 (264) 1221<br>EMAIL: | TRADE PAYABLE | | | | $ 14,297,962 |
| 9 | BASF<br>STORKOWER STRAßE 146<br>BERLIN, 10407 GERMANY | ATTN: DIRK ELVERMANN<br>TITLE: CHIEF FINANCIAL OFFICER AND CHIEF DIGITAL OFFICER<br>PHONE: +1 (973) 245-6000<br>EMAIL: DIRK.ELVERMANN@BASF.COM | TRADE PAYABLE | | | | $ 14,285,830 |
| 10 | MACNICA<br>1-6-3 SHIN-YOKOHAMA<br>YOKOHAMA, 222-8561 JAPAN | ATTN: AKINOBU MIYOSHI<br>TITLE: CO-CHIEF EXECUTIVE OFFICER<br>PHONE: +1 (408) 205-7141<br>EMAIL: AKINOBUMIYOSHI@GMAIL.COM | TRADE PAYABLE | | | | $ 14,084,332 |
| 11 | COVESTRO<br>KAISER-WILHELM-ALLEE 60<br>LEVERKUSEN, 51373 GERMANY | ATTN: SUCHETA GOVIL<br>TITLE: CHIEF COMMERCIAL OFFICER<br>PHONE: +1 (412) 413-2673<br>EMAIL: SUCHETA.GOVIL@COVESTRO.COM | TRADE PAYABLE | | | | $ 13,683,540 |
| 12 | INTEGRATED MICRO-ELECTRONICS<br>NORTH SCIENCE AVENUE, SPECIAL EXPORT PROCESSING ZONE<br>BIÑAN, 4024 PHILLIPINES | ATTN: ERIC DE CANDID<br>TITLE: CHIEF OPERATING OFFICER<br>PHONE: +63 (2) 7756-6840<br>EMAIL: ERIC.DECANDIDO@GLOBAL-IMI.COM | TRADE PAYABLE | | | | $ 11,998,543 |
| 13 | RENESAS ELECTRONICS<br>TOYOSU FORESIA<br>TOKYO, 135-0061 JAPAN | ATTN: HIDETOSHI SHIBATA<br>TITLE: CHIEF EXECUTIVE OFFICER<br>PHONE: +1 (408) 432-8888<br>EMAIL: HIDETOSHI.SHIBATA@RENESAS.COM | TRADE PAYABLE | | | | $ 11,481,387 |
| 14 | WIPRO LIMITED<br>DODDAKANNELLI, SARJAPUR ROAD<br>BENGALURU, 560 035 INDIA | ATTN: SRINI PALLIA<br>TITLE: CEO AND MANAGING DIRECTOR<br>PHONE: +1 (732) 394-8255<br>EMAIL: SPALLIA@WIPRO.COM | TRADE PAYABLE | | | | $ 11,426,300 |
| 15 | WUHU FORESIGHT TECHNOLOGY CO. LTD<br>NO. 2, LINGYUAN ROAD<br>WUHU CITY, 241000 CHINA | ATTN: LU WENBO<br>TITLE: GENERAL MANAGER<br>PHONE: +86 (553) 596-3550<br>EMAIL: FS@FORESIGHT-INT.COM | TRADE PAYABLE | | | | $ 10,667,613 |
| 16 | MITSUBA CORPORATION<br>1-2681 HIROSAWA-CHO<br>KIRYU, GUNMA 376-8555 JAPAN | ATTN: HIROAKI TANJI<br>TITLE: BOARD MEMBER<br>PHONE: +81 (277) 52-0111<br>EMAIL: H-TANJI@MITSUBA.CO.JP | TRADE PAYABLE | | | | $ 10,302,024 |
| 17 | MITSUBISHI<br>3-1, MARUNOUCHI 2-CHOME<br>TOKYO, 100-8086 JAPAN | ATTN: YUZO NOUCHI<br>TITLE: CORPORATE FUNCTIONAL OFFICER<br>PHONE: +1 (888) 648-7820<br>EMAIL: YUZO.NOUCHI@MITSUBISHICORP.COM | TRADE PAYABLE | | | | $ 10,279,377 |
| 18 | BITRON<br>STRADA DEL PORTONE 95<br>GRUGLIASCO, 10095 ITALY | ATTN: ALBERTO MORO<br>TITLE: CHIEF EXECUTIVE OFFICER<br>PHONE: +39 (011) 4029-111<br>EMAIL: ALBERTO.FARCI@BITRON-IND.COM | TRADE PAYABLE | | | | $ 10,124,497 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 19 | AMS-OSRAM AG<br>TOBELBADER STRASSE 30<br>PREMSTAETTEN, 8141 AUSTRIA | ATTN: ALDO KAMPER<br>TITLE: CHIEF EXECUTIVE OFFICER<br>PHONE: +43 (3136) 500-0<br>EMAIL: ALDO.KAMPER@OSRAM.COM | TRADE PAYABLE | | | | $ 9,967,101 |
| 20 | SUZUKI MOTOR CORPORATION<br>300 TAKATSUKA-MACHI<br>HAMAMATSU, 432-8611 JAPAN | ATTN: MASAKI KUWABARA<br>TITLE: MANAGER OF LEGAL COMPLIANCE<br>PHONE: +81 (53) 455-2111<br>EMAIL: MASAKIKUWABARA@HHQ.SUZUKI.CO.JP | TRADE PAYABLE | | | | $ 9,863,244 |
| 21 | QUALCOMM TECHNOLOGIES<br>5775 MOREHOUSE DR.<br>SAN DIEGO, CA 92121 UNITED STATES | ATTN: ANN CHAPLIN<br>TITLE: GENERAL COUNSEL AND CORPORATE SECRETARY<br>PHONE: +1 (858) 587-1121<br>EMAIL: ACHAPLIN@QUALCOMM.COM | TRADE PAYABLE | | | | $ 9,603,170 |
| 22 | AVNET<br>2211 SOUTH 47TH STREET<br>PHOENIX, AZ 85034 UNITED STATES | ATTN: MICHAEL R. MCCOY<br>TITLE: GENERAL COUNSEL AND CHIEF LEGAL OFFICER<br>PHONE: +1 (800) 332-8638<br>EMAIL: MICHAEL.MCCOY@AVNET.COM | TRADE PAYABLE | | | | $ 9,463,615 |
| 23 | ARROW ELECTRONICS<br>7340 S. ALTON WAY UNIT 11G<br>CENTENNIAL, CO 80112 UNITED STATES | ATTN: CARINE JEAN-CLAUDE<br>TITLE: SENIOR VICE PRESIDENT AND CHIEF LEGAL AND COMPLIANCE OFFICER<br>PHONE: +1 (855) 326-4757<br>EMAIL: CJEANCLAUDE@ARROW.COM | TRADE PAYABLE | | | | $ 9,196,498 |
| 24 | TIBERINA GROUP<br>VIA TIBERINA, 123<br>COLLAZZONE, PG 06050 ITALY | ATTN: ALBERTO FARCI<br>TITLE: GENERAL MANAGER<br>PHONE: +42 (32) 670-9197<br>EMAIL: ALBERTO.FARCI@TIBERINA.CZ | TRADE PAYABLE | | | | $ 8,970,886 |
| 25 | UNIPRES CORPORATION<br>SUN HAMADA BLDG. 5F<br>YOKOHAMA, 222-0033 JAPAN | ATTN: YUKIHIKO MORITA<br>TITLE: SENIOR EXECUTIVE VICE PRESIDENT, FINANCE & ACCOUNTING<br>PHONE: +81 (45) 477-5121<br>EMAIL: INFO@UNIPRESSCORP.COM | TRADE PAYABLE | | | | $ 8,546,082 |
| 26 | BTV TECHNOLOGIES GMBH<br>HEINRICH-HERTZ-STR. 12<br>UNNA, D-59423 GERMANY | ATTN: MAXIMILIAN KRANE<br>TITLE: CHIEF EXECUTIVE OFFICER<br>PHONE: +49 (2303) 333-0<br>EMAIL: MAXIMILIANNAN@BTV-GRUPPE.COM | TRADE PAYABLE | | | | $ 8,128,940 |
| 27 | VISTEON<br>ONE VILLAGE CENTER<br>VAN BUREN TOWNSHIP, MI 48111 UNITED STATES | ATTN: BRETT PYNNONEN<br>TITLE: SENIOR VICE PRESIDENT AND GENERAL COUNSEL<br>PHONE: +1 (734) 627-7384<br>EMAIL: BPYNNONEN@VISTEON.COM | TRADE PAYABLE | | | | $ 7,596,117 |
| 28 | VALEO<br>100 RUE DE COURCELLES<br>PARIS, 75017 FRANCE | ATTN: CHRISTOPHE PÉRILLAT<br>TITLE: CHIEF EXECUTIVE OFFICER<br>PHONE: +33 (0)1-40-55-20-20<br>EMAIL: CHRISTOPHE.PERILLAT@VALEO.COM | TRADE PAYABLE | | | | $ 7,540,594 |
| 29 | PENSION BENEFIT GUARANTY CORPORATION<br>1200 K STREET, NW<br>WASHINGTON, DC 20005 UNITED STATES | ATTN: LISA CLARK<br>TITLE: CHIEF FINANCIAL OFFICER<br>PHONE: +1 (202) 326-4400<br>EMAIL: PBGCPUBLICAFFAIRS@PBGC.GOV | PENSION | CONTINGENT, UNLIQUIDATED, DISPUTED | | | UNLIQUIDATED |
| 30 | PENSION PROTECTION FUND<br>RENAISSANCE<br>CROYDON, CR0 2NA UNITED KINGDOM | ATTN: MICHELLE OSTERMANN<br>TITLE: CHIEF EXECUTIVE OFFICER<br>PHONE: +44 (20) 8633-4902<br>EMAIL: MICHELLE.OSTERMANN@PPF.CO.UK | PENSION | CONTINGENT, UNLIQUIDATED, DISPUTED | | | UNLIQUIDATED |

**UNANIMOUS WRITTEN CONSENT OF THE BOARD OF MANAGERS OF MARELLI MOROCCO LLC**

June 9, 2025

The undersigned, being all of the members of the board of managers (the "<u>Board</u>") of Marelli Morocco LLC, a Morocco corporation (the "<u>Company</u>"), hereby take the following actions and adopt the following resolutions by written consent (this "<u>Written Consent</u>") in lieu of holding a meeting of the Board, pursuant to the bylaws and other applicable governing documents (as amended and restated, the "<u>Governing Documents</u>") of the Company and the laws of Morocco. The Board has reviewed and considered certain materials provided by the management of the Company and the Company's financial and legal advisors, including, but not limited to, regarding the liabilities and obligations of the Company, its liquidity, strategic alternatives available to it, and the effect of the foregoing on the Company's business, and has had adequate opportunity to consult such persons regarding the materials presented, obtain additional information, and to fully consider each of the strategic alternatives available to the Company and it was therefore **RESOLVED THAT**:

1. **VOLUNTARY PETITION FOR RELIEF UNDER APPLICABLE BANKRUPTCY LAW AND SEEKING NECESSARY RELIEF**

    A. In the judgment of the Board, it is desirable and in the best interest of the Company, its interest holders, its creditors, and other parties in interest, that the Company file or cause to be filed voluntary petitions for relief (the "<u>Bankruptcy Petitions</u>") under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 et seq. (as amended, the "<u>Bankruptcy Code</u>") for the Company and certain of its subsidiaries; and, in accordance with the requirements in the Company's governing documents and applicable law, hereby consents to, authorizes and approves, the filing of the Bankruptcy Petitions (the "<u>Restructuring Matters</u>"), if any; and

    B. Any partner, director, manager, or other duly appointed officer of Marelli Automotive Lighting USA LLC or the Company (collectively, the "<u>Authorized Persons</u>") be, and hereby are, authorized, directed, empowered and appointed to act as signatory and attorney on behalf of the Company in respect of the Restructuring Matters and/or any persons to whom such Authorized Persons and/or officers delegate certain responsibilities, be, and hereby are, authorized to prepare, execute (under the common seal of the Company, if appropriate) and file on behalf of the Company and its subsidiaries all petitions, schedules, lists, and other motions, papers, or documents (the "<u>Pleading Documents</u>"), and to take any and all action that they deem necessary or proper to obtain such relief, including, but not limited to, any action necessary or proper to maintain the ordinary course operations of the Company's or any of its subsidiaries' businesses.

2. **RESTRUCTURING DOCUMENTS**

    A. Each of the Authorized Persons has determined that it is in the best interest of the Company, its creditors, and other parties in interest to authorize the Company to enter into that certain restructuring support agreement (the "<u>Restructuring Support Agreement</u>") by and among the Company, certain of its affiliates, certain consenting creditors, and certain consenting parties substantially in the form presented to the Authorized Persons on or in advance of the date hereof;

    B. Each of the Authorized Persons acknowledges and believes that the Restructuring Support Agreement is procedurally and substantively fair to the Company as contemplated by applicable law and the Company's governing documents, to the extent applicable;

C.  Any Authorized Persons acting alone or with one or more other Authorized Persons be, and hereby are, authorized and empowered to enter on behalf of the Company into a restructuring transaction or series of restructuring transactions by which the Company will restructure its debt obligations and other liabilities, including but not limited to the restructuring transactions as described in the Restructuring Support Agreement (collectively, the "Restructuring Transactions") with such changes and in such form as the Authorized Person or Authorized Persons executing the same shall in his or their absolute discretion deem appropriate;

D.  Each of the Authorized Persons, acting alone or with one or more other Authorized Persons be, and they hereby are, authorized, directed and empowered to take or cause to be taken any and all such other and further action, and to execute (under the common seal of the Company, if appropriate), acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents in furtherance of the Restructuring Transactions to which the Company is or will be a party, including, but not limited to, the Restructuring Support Agreement (together with the Pleading Documents, the "Transaction Documents"), to incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof submitted to the Board, with such changes, additions and modifications thereto as the Authorized Persons executing the same shall, in their absolute discretion approve, such approval to be conclusively evidenced by such Authorized Person's and/or officer's execution and delivery thereof; and

E.  Each of the Authorized Persons be, acting alone or with one or more other Authorized Persons, and hereby are, authorized, directed and empowered in the name of, and on behalf of, the Company to take any and all actions to (i) obtain approval by a court of competent jurisdiction or any other regulatory or governmental entity of the Restructuring Support Agreement in connection with the Restructuring Transactions, and (ii) obtain approval by any court of competent jurisdiction or any other regulatory or governmental entity of any Restructuring Transactions.

3.  **RETENTION OF PROFESSIONALS**

A.  Each of the Authorized Persons, be, and hereby are, authorized, empowered and directed to employ: (i) the law firm of Kirkland & Ellis LLP as general bankruptcy counsel, (ii) the law firm of Pachulski Stang Ziehl & Jones LLP as co-bankruptcy counsel, (iii) Alvarez & Marsal North America, LLC as restructuring advisor, (iv) PJT Partners Inc. as investment banker, (v) Kurtzman Carson Consultants, LLC dba Verita Global as notice and claims agent, and (vi) any other legal counsel, accountants, financial advisors, restructuring advisors or other professionals the Authorized Persons deem necessary, appropriate or advisable; each to represent and assist the Company in carrying out its duties and responsibilities and exercising its rights under the Bankruptcy Code and any applicable law (including, but not limited to, the law firms filing any pleadings or responses); and in connection therewith, the Authorized Persons, be, and hereby are, authorized, empowered and directed, in accordance with the terms and conditions hereof, to execute (under the common seal of the Company, if appropriate) appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain such services; and

B.  Each of the Authorized Persons, be, and hereby are, authorized, empowered and directed to execute (under the common seal of the Company, if appropriate) and file all petitions, schedules, motions, lists, applications, pleadings, and other papers, execute appropriate retention agreements, pay appropriate retainers, and cause to be filed the appropriate applications for authority to retain services of the abovementioned professionals and those professionals thereafter the Authorized Persons deem necessary, and to perform such further actions and execute (under the common seal

2

of the Company, if appropriate) such further documentation that the Authorized Persons in their absolute discretion deem necessary, appropriate or desirable in accordance with these resolutions.

4. **USE OF CASH COLLATERAL, DEBTOR-IN-POSSESSION FINANCING, AND ADEQUATE PROTECTION**

   A. To the extent applicable to the Company and in the business judgment of the Board, it is desirable and in the best interest of the Company and to the further commercial benefit of the Company, its stakeholders, its creditors, and other parties in interest to obtain the benefits of (i) the use of cash collateral, as such term is defined in section 363(a) of the Bankruptcy Code ("Cash Collateral"), which is security for certain of the Company's prepetition secured lenders (the "Prepetition Secured Lenders") under certain credit facilities by and among the Company, the guarantors party thereto, and the lenders party thereto; and (ii) the incurrence of debtor-in-possession financing obligations ("DIP Financing") by entering into that certain Senior Secured Superpriority Debtor-in-Possession Credit Agreement among the Company, the other Debtors party thereto, GLAS USA LLC, as administrative and collateral agent (the "DIP Agent") and the other financial institutions and lenders party thereto (the "DIP Credit Agreement", and the term loan facilities established under the DIP Credit Agreement, the "DIP Facility"), consistent with the terms and conditions set forth in that certain term sheet (the "DIP Term Sheet");

   B. In order to use and obtain the benefits of DIP Financing and the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, the Company will provide certain adequate protection to the Prepetition Secured Lenders (the "Adequate Protection Obligations") as documented in the proposed interim order of the Bankruptcy Court, authorizing and approving on an interim basis, among other things, the DIP Financing and the transactions contemplated by the DIP Term Sheet (the "Interim DIP Order") and the final order of the Bankruptcy Court authorizing and approving on a final basis, among other things, the DIP Financing and the transactions contemplated by the DIP Term Sheet in substantially the form of the Interim Order (the "Final DIP Order," and together with the Interim DIP Order, the "DIP Orders");

   C. In order to use and obtain the benefits of the DIP Financing and Cash Collateral, the Company will also enter into such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or documents required to consummate the transaction contemplated by the DIP Orders to which the Company is or will be a party, including, but not limited to, any security and pledge agreement or guaranty agreement (collectively with the DIP Term Sheet and the DIP Credit Agreement, the "DIP Financing Documents");

   D. The Company will obtain benefits from the incurrence of the borrowings under the DIP Facility and the other obligations under the DIP Facility and the other DIP Financing Documents which are necessary and convenient to the conduct, promotion, and attainment of the business of the Company;

   E. To the extent applicable, the Company, as debtor and debtor in possession under the Bankruptcy Code be, and hereby is, authorized to enter into the DIP Financing Documents and incur and perform the obligations thereunder (the "DIP Obligations"), including the borrowing of the loans under the DIP Facility, any security and pledge agreement or guaranty agreement, and other obligations related to the DIP Financing and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Financing Documents, including granting liens on and security interests in its assets, including the Cash Collateral and Prepetition Collateral (each as defined in the DIP Financing Documents), to the DIP Agent, and each of the

3

  Authorized Persons be, and hereby are, authorized, empowered, and directed in the name of, and on behalf of, the Company to execute deliver, and perform all of the obligations and the transactions contemplated under each of the DIP Financing Documents in the name and on behalf of the Company, with such changes, additions, and modifications thereto as such Authorized Person shall approve, with such approval to be conclusively evidenced by such Authorized Person's execution and delivery thereof;

F. Each of the Authorized Persons be, and hereby are, authorized, in the name and on behalf of the Company, to enter into any guarantees as described or contemplated by the DIP Financing Documents or any other documents, certificates, instruments, agreements, security agreements, intercreditor agreements, any extension amendment, any incremental agreement, or any other amendment required to consummate the transactions contemplated by the DIP Financing Documents and perform its obligations thereunder and to guarantee the payment and performance of the DIP Obligations of the Company and any other guarantor thereunder;

G. Each of the Authorized Persons be, and hereby are, authorized, empowered, and directed in the name of, and on behalf of, the Company to incur the DIP Obligations and to approve the use of the Cash Collateral pursuant to the DIP Orders, and any Authorized Person be, and hereby is, authorized, empowered, and directed to negotiate, execute, and deliver any and all agreements, instruments, or documents, by or on behalf of the Company, necessary to implement the postpetition financing, including the Adequate Protection Obligations to the Prepetition Secured Lenders in accordance with section 363 of the Bankruptcy Code, as well as any additional or further agreements for entry into the DIP Financing Documents and the use of Cash Collateral in connection with the chapter 11 case, which agreements may require the Company to grant adequate protection and liens to the Prepetition Secured Lenders and each other agreement, instrument, or document to be executed and delivered in connection therewith, by or on behalf of the Company pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Authorized Person approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof;

H. Each of the Authorized Persons be, and hereby are, authorized, directed, and empowered, in the name of, and on behalf of, the Company to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, each of the transactions contemplated by the DIP Financing Documents and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or required documents to which the Company is or will be party or any order entered into in connection with the chapter 11 case (together with the DIP Financing Documents, collectively, the "<u>Financing Documents</u>") and to incur and pay or cause to be paid all related fees and expenses, with such changes, additions and modifications thereto as an Authorized Person executing the same shall approve;

I. The Company, as a debtor and debtor-in-possession under the Bankruptcy Code shall be, and hereby is, authorized, empowered, and directed to incur any and all obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the Financing Documents, including granting liens on its assets to secure such obligations;

J. Each of the Authorized Persons be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Company to file or to authorize the DIP Agent to file any Uniform Commercial Code (the "<u>UCC</u>") financing statements, any other equivalent filings, any intellectual property filings and recordation, and any necessary assignments for security or other documents in the name of the Company that the DIP Agent deems necessary or appropriate to perfect any lien or

4

security interest granted under the DIP Orders, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired," and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Company and such other filings in respect of intellectual and other property of the Company, in each case as the DIP Agent may reasonably request to perfect the security interests of the DIP Agent under the DIP Orders;

K. Each of the Authorized Persons be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Company to: (a) prepare any amendments, waivers, consents, supplements, or other modifications under or to the DIP Financing Documents to which the Company is a party, which shall in their sole judgment be necessary, proper, or advisable to perform the Company's obligations under or in connection with the DIP Orders or any of the other Financing Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions and (b) execute and deliver such amendments, waivers, consents, supplements, or other modifications under such agreements or documents, the execution and delivery thereof by such Authorized Person to be deemed conclusive evidence of the approval and ratification thereof by such Authorized Person or that such Authorized Person deemed such standard to be met;

L. Each Authorized Person of the Company, any one of whom may take action without the joinder of any of the others, is hereby authorized, directed and empowered in the name and on behalf of the Company, respectively, to (a) prepare any amendments, waivers, consents, supplements, or other modifications under the DIP Financing Documents and/or all other agreements, instruments, documents, notices and certificates constituting exhibits to or that may be required, necessary, appropriate, desirable or advisable to be executed and delivered pursuant to the DIP Financing Documents or otherwise permitted thereunder or related thereto (each an "Additional DIP Facility Document") to which the Company is a party as may be necessary, convenient, advisable, desirable or appropriate at any time from time to time, which amendments, waivers, consents or supplements may provide for modifications or relief under such agreements or documents and may require consent payments, fees or other amounts payable in connection therewith, and (b) execute and deliver such amendments, waivers, consents, supplements, or other modifications under such agreements or documents as such Authorized Person shall deem to be necessary, convenient, advisable, desirable or appropriate, such execution and delivery by such Authorized Person to be conclusive evidence of his or her determination and approval of the necessity, appropriateness or advisability thereof; and

M. The signature of (a) any Authorized Person of the Company to each DIP Financing Document, and each Additional DIP Financing Document and any amendments, waivers, consents, supplements, or other modifications to which the Company is a party shall be conclusive evidence of the authority of such Authorized Person to execute and deliver such documents and (b) any person dealing with any Authorized Person of the Company in connection with any of the foregoing matters shall be conclusively entitled to rely upon the authority of such Authorized Person and by his or her execution of any document or agreement, the same shall be valid and binding obligations of the Company enforceable in accordance with its terms.

5. **FURTHER ACTIONS AND PRIOR ACTIONS**

A. The Company is hereby authorized to authorize (and the Company hereby authorizes) any direct or indirect subsidiary of the Company or any entity of which the Company or any subsidiary of such Company is the sole member, general partner, managing member, or equivalent manager, as applicable, to take each of the actions described in these resolutions or any of the actions authorized

    in these resolutions, and none of the resolutions contained herein, or action taken in furtherance hereto, shall have or cause an adverse effect on any such subsidiary or the Company's interest therein (including without limitation, any automatic dissolution, divestiture, dissociation, or like event under applicable law);

B. In addition to the specific authorizations heretofore conferred upon the Authorized Persons, the Authorized Persons, either individually or as otherwise required by the Company's governing documents and applicable law, be, and each of them hereby is, authorized, directed and empowered to execute (under hand or under the common seal of the Company if appropriate), acknowledge, deliver, and file any and all agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds, amendments, supplements, waivers, consents and other documents on behalf of the Company relating to the Restructuring Matters or to fulfil the intent of the foregoing resolutions;

C. Each of the Authorized Persons (and their designees and delegates) be, and hereby is, authorized and directed and empowered in the name of and on behalf of the Company, to take or cause to be taken any all such other and further action, and to execute (under the common seal of the Company, if appropriate), acknowledge, deliver, and file any and all such agreements, certificates, instruments, amendments, supplements, waivers, consents and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Person's or Authorized Persons' absolute discretion, shall be necessary, appropriate, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein;

D. The Board has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the governing documents of the Company, or hereby waives any right to have received such notice;

E. All acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved, confirmed and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement, or certificate had been specifically authorized in advance by resolution of the Board; and

Any Authorized Person be, and each of them hereby is, authorized, directed and empowered in the name of, and on behalf of, the Company to do all such other acts, deeds and other things as the Company itself may lawfully do, in accordance with its governing documents and applicable law, howsoever arising in connection with the matters above, or in furtherance of the intentions expressed in the foregoing resolutions, including, but not limited to, the negotiation, finalization, execution (under hand or common seal, whether or not expressed to be a deed, as may be necessary or appropriate) and delivery of any other agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds and other documents whatsoever as the individual acting may in his/her absolute and unfettered discretion approve, deem or determine necessary, appropriate or advisable, such approval, deeming or determination to be conclusively evidenced by said individual taking such action or the execution thereof.

[Signature pages follow]

*Younes SAFI*

_____
By:     Safi Younes
Title:  Director



_____
By:     Peter Bartram
Title:  Director



_____
By:     Walter Doglio
Title:  Director

*[Signature Page to MARELLI MOROCCO LLC Board Resolution]*

By: Safi Younes
Title: Director

By: Peter Bartram
Title: Director

By: Walter Doglio
Title: Director

*[Signature Page to MARELLI MOROCCO LLC Board Resolution]*

_____
By:      Safi Younes
Title:    Director

_____
By:      Peter Bartram
Title:    Director

_____
By:      Walter Doglio
Title:    Director

*[Signature Page to MARELLI MOROCCO LLC Board Resolution]*

| Fill in this information to identify the case and this filing: | |
|---|---|
| Debtor Name | **Marelli Morocco LLC** |
| United States Bankruptcy Court for the: | **District of Delaware** (State) |
| Case number (If known): | |

# Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### ■ Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*
- ☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*
- ☐ *Schedule H: Codebtors (Official Form 206H)*
- ☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*
- ☐ Amended Schedule
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*
- ☒ Other document that requires a declaration **List of Equity Security Holders and Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **06/11/2025**        ☒ */s/ Marisa Iasenza*
              MM/ DD/YYYY            Signature of individual signing on behalf of debtor
                                     **Marisa Iasenza**
                                     Printed name
                                     **Authorized Signatory**
                                     Position or relationship to debtor

Official Form 202           Declaration Under Penalty of Perjury for Non-Individual Debtors